364 So.2d 1300 (1978)
STATE of Louisiana
v.
David J. HYSELL.
No. 62152.
Supreme Court of Louisiana.
November 20, 1978.
Rehearing Denied December 14, 1978.
*1301 Harry R. Nelson, Nelson & Achee, Ltd., Shreveport, for defendant-appellant.
*1302 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Ronald R. Inderbitzin, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant was convicted of possession of marijuana with intent to distribute, a violation of La.R.S. 40:966. He was sentenced to serve four years at hard labor; the sentence was suspended on the condition that he serve one year in the parish prison, enter a drug rehabilitation program, and be placed on supervised probation for four years. On this appeal of his conviction and sentence, defendant relies on thirty-five assignments of error grouped and presented in seventeen arguments. We have reviewed the assignments included in Arguments III, IV, V, VI(A), VI(B), VI(C), VI(D), VI(F), VI(I) and VI(K) and conclude that they lack merit.[1] We find it necessary to discuss only the remaining arguments.

ARGUMENTS I AND II

ASSIGNMENT OF ERROR NO. 1A
In these related arguments defendant contends that the trial judge erred in denying his motion to suppress in which he argued that the affidavit supporting the warrant failed to establish probable cause[2] and that the warrant itself failed to designate with sufficient particularity the place to be searched.
The testimony at the hearing at the motion to suppress revealed the following facts. Officers Bolen and Guy of the Shreveport Police Department learned from a confidential informant that a white male called "Joe" was selling marijuana from an upstairs apartment above Alice's Beauty Salon on the east side of 2814½ Wheless Avenue in Shreveport. The officers went with the informant to that address and had him point out the apartment.
With the information given by the confidential informant and while two other officers kept the upstairs east apartment under surveillance, Officers Bolen and Guy attempted to obtain a search warrant. Before applying for the warrant Officer Bolen checked the Shreveport City Directory and learned that a Joseph Michael Filipowski lived at 2814½ Wheless Avenue. He then ran Filipowski's name through a Narcotics Intelligence File check and learned that Filipowski had previously been arrested on drug charges. Using this information to *1303 supplement the information given by the informant, Officers Bolen and Guy swore out the affidavit.[3]
Upstairs at that municipal street address, there were in fact two apartments. One on the east side of the building was rented to Iva Williams. The other on the west side was registered to Joseph Michael Filipowski. Defendant, who was sometimes called "Joe", lived in the east apartment with Iva Williams.
In brief defendant contends that because of erroneous information in the affidavit, it established probable cause to search the apartment of Joseph Filipowski on the west side but not the apartment on the east side in which defendant was arrested.
This Court in State v. Rey, 351 So.2d 489 (La.1977) adopted the approach taken by the Fifth Circuit in United States v. Thomas, 489 F.2d 664 (5th Cir. 1973) to determine whether probable cause exists when there are inaccurate statements in the affidavit supporting the warrant. In Rey, we concluded that:

". . . when faced with an affidavit containing inaccurate statements the preferred approach is to excise the inaccurate statements and then examine the residue to determine if it supports a finding of probable cause. If, however, the misrepresentations were intentionally made, a different result is required. Because these distorted statements constitute a fraud upon the courts and represent impermissible overreaching by the government, a warrant based on an affidavit containing intentional misrepresentations must be quashed.
. . . The primary purpose of the exclusionary rule is the deterrence of such deliberate governmental wrongdoing, and this policy is best served by quashing the warrant." (Emphasis provided)
Defendant does not contend nor does the record reflect that Officer Bolen intentionally included inaccuracies in the affidavit. On the basis of the informant's tip that a person called "Joe" living in the east apartment at 2814½ Wheless Avenue was selling marijuana, he checked the Shreveport City Directory to determine who lived at that address. Finding that the occupant listed for that address was named Joseph Filipowski, he ran the name through the police files *1304 and found a narcotics related arrest. It was this information which seemed to the officer to corroborate the informant's story and which was thus included in the affidavit. It was not designed as a deliberate act to deceive the issuing magistrate that probable cause did exist.
Because the inaccuracies were not the result of intentional misrepresentation, we must under State v. Rey, supra strike the inaccurate information and examine the residue to determine if it supports a finding of probable cause. When we do we find that Officer Bolen had information from an informant who had given information in the past which had led to at least one arrest and conviction for possession of marijuana that the informant had within the past twenty-four hours observed a white male called "Joe," who lived upstairs at 2814½ Wheless Avenue on the east side with no less than ten bricks of marijuana which "Joe" was selling for $125.00 a pound.
Under the two-prong test set forth in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and the guidelines established in State v. Paciera, 290 So.2d 681 (La.1974), we determine that even without the inaccurate information, the affidavit establishes probable cause.
In Aguilar v. Texas, supra, the United States Supreme Court set forth the criteria which a magistrate must follow in determining whether an affidavit based upon hearsay establishes probable cause for the issuance of a warrant: First, the affiant must articulate the basis for his belief that the information is trustworthy, and second, the affidavit must indicate the underlying circumstances from which the informant concluded that narcotics were where he contended that they would be. In State v. Paciera, supra, this Court deduced the following rule to measure the sufficiency of a supporting affidavit which is based on informant-supplied data:
"The affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an un identified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the credibility of the information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and of the indirectly-obtained information."
The affidavit in the instant case satisfies the first requirement of Aguilar. It states that the informant has given accurate information about four drug dealers and that his information had led to the arrest and conviction of one individual for possession of marijuana with intent to distribute. These facts are sufficient to establish the credibility of the informant. State v. Richards, 357 So.2d 1128 (La.1978).
The affidavit also satisfies the second requirement of Aguilarthat it set forth the underlying circumstances from which the informant concluded that narcotics would be where he contended they would be. The affidavit includes the information that the informant had within the past twenty-four hours been in the apartment and seen a man called "Joe" selling bricks of marijuana for $125.00. The information was based upon the informant's personal observation of the defendant within the preceding twenty-four hours.
Defendant's argument that the search warrant lacked sufficient particularity also lacks merit. He contends that because there are two apartments at the municipal address, the warrant which described the place to be searched only as 2814½ Wheless is defective.[4]
*1305 The object of the description in a search warrant is to prevent the search of the wrong premises. If the place to be searched is described in sufficient detail to enable the officers to locate it with the reasonable probability that they will not search the wrong premises, the description is sufficient. State v. Cobbs, 350 So.2d 168 (La.1977); United States v. Prout, 526 F.2d 380 (5th Cir. 1976). The officers in this case knew which apartment they intended to search for the informant had physically pointed to the apartment on the east side of the building. Officers Bolen and Guy specifically identified in the affidavit the place to be searched as the apartment on the east side above Alice's Beauty Salon closest to Wheless Avenue, and it was these same officers who executed the warrant. The officers intended to and did indeed search the upstairs apartment on the east side of 2814½ Wheless Avenue. Under these circumstances we find that the description in the warrant was sufficient to insure that the officers who in fact were to search the apartment would not search the wrong apartment.
This assignment lacks merit.

ARGUMENT VI(G)

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial judge erred in denying his challenge for cause of a prospective juror who volunteered on voir dire examination that if he were the trial judge, he would "deal harshly" with the defendant if he were found guilty.[5]
Louisiana Code of Criminal Procedure article 800 provides that a defendant can not complain of a ruling refusing to sustain a challenge for cause unless his peremptory challenges shall have been exhausted before completion of the panel. In this case, defendant exercised only eleven of his peremptory challenges, and thus can not be heard to complain of the court's ruling.
This assignment lacks merit.

ARGUMENT VI(J)

ASSIGNMENTS OF ERROR NOS. 5, 8, 13, 15, 17, 18 AND 25
Defendant assigns as error the trial court's admission into evidence of photographs of the interior of the apartment in which he was arrested and of evidence seized at the time of the arrest. In brief, he argues that the photographs were prejudicial and inflammatory, while at trial he objected that the photographs were immaterial and irrelevant.
Under Article 841 of the Code of Criminal Procedure, an irregularity or error can not be availed of after verdict unless the party makes known his objection and the grounds for it. He must state the basis of the objection so that the trial judge has an opportunity to rule on it and prevent or cure an error. State v. Lewis, 353 So.2d 703 (La.1977). Defendant's objection at trial was that the photographs were "immaterial and irrelevant" and not that they were prejudicial and inflammatory. The trial judge properly ruled that the photographs were relevant.
Even if the defendant had objected to the photographs on the grounds that they were prejudicial and inflammatory, this assignment would lack merit. All of the "evidence" introduced by way of the photographs was independently introduced through the items seized at the time of the defendant's arrest. The photographs introduced at trial did not include any non-admissible evidence which would be prejudicial to the defendant or inflame the jury.

*1306 ARGUMENT VI(H)

ASSIGNMENT OF ERROR NO. 10
Defendant contends that the trial judge impermissively restricted his cross-examination of Officer Bolen when he sustained the prosecutor's objection to the following question: "Agent Bolen, on that evening ofproceeding with the search warrant, in your affidavit did you not indicate the name of a third party, . . . ." The prosecutor objected to "going into the affidavit" because the issue of probable cause was not before the court. After a discussion out of the presence of the jury, the trial judge sustained the prosecution's objection and defense counsel resumed cross-examination with a new line of questioning.
The trial judge's ruling indicated that he sustained the objection to the question because it raised issues which had been resolved at the hearing on the motion to suppress. Defendant argued that he was not attempting to re-open the issue of probable cause set forth in the affidavit but was simply attempting to ask a question "which may be of some value in representing [his] client." Counsel's failure to give a more precise explanation of the relevancy of the question independent of the issue of probable cause perhaps justifies the trial judge's ruling. However, even assuming that the trial judge erred in disallowing defendant's question, reversal of his conviction and sentence would not be warranted. Not every trial error or violation of a statutory right mandates reversal of a conviction. La.Code of Crim.Pro. art. 921. State v. Ardoin, 340 So.2d 1362 (La.1976). This Court may consider the importance of the effect of the alleged error in light of the balance of the state's case. State v. Pool, 361 So.2d 1202 (La.1978).
The state in this case presented substantial evidence of the defendant's guilt. The marijuana was lawfully seized in the defendant's presence in the apartment in which he resided, and he made inculpatory statements to his landlord in the presence of the arresting officers. Error in the trial court's ruling, if any, was of negligible consequence and not a substantial violation of defendant's rights.

ARGUMENT VI(E)

ASSIGNMENT OF ERROR NO. 30
Defendant contends that the trial judge erred in admitting into evidence the search warrant issued for 2814½ Wheless Avenue and the return indicating the evidence seized in the search. He argues that allowing these documents into evidence is prejudicial because there was no showing of the truth of the assertions contained therein and because the return reflected described evidence not admissible at the trial.
This assignment lacks merit. The only two documents admitted were the search warrant and the return; the affidavit in support of the warrant was not offered or admitted into evidence. The only information on the face of the warrant was that Officers Bolen and Guy swore out affidavits that they had reason to believe that marijuana was concealed at 2814½ Wheless Avenue. On the reverse of the warrant, the return listed fourteen items seized in the apartment, all of which were subsequently introduced at the trial. Neither the search warrant nor the return referred to evidence not independently admitted at trial. We find no prejudice resulted from the admission of these two documents.

ARGUMENT VI(L)

ASSIGNMENT OF ERROR NO. 35
Defendant contends in this assignment that the trial court erred in sentencing the defendant. In brief he argues only that "the court erred in rendering sentence imposed on defendant. Reference is made to transcript of sentencing."
Defendant was sentenced to serve four years at hard labor, sentence suspended on the condition that he serve one year in the parish prison, enroll in a drug rehabilitation program, and remain on supervised probation for four years. R.S. 40:966 provides a maximum sentence for a conviction of possession of marijuana with *1307 the intent to distribute of ten years at hard labor and a fine of not more than $15,000. Under this statute, defendant's four year sentence is not excessive. The conditions of his suspended sentence are also not unlawful. The conditions that defendant serve one year in the parish prison and remain on probation for four years are provided for in La.Code of Crim.Pro. arts. 895(B) and 893. Under Article 895(A), the condition that he participate in a drug rehabilitation program is also permissible. Because we find no error in defendant's sentence, we conclude that this assignment lacks merit.

Decree
For the foregoing reasons, the conviction and sentence of defendant, David Hysell, is affirmed.
AFFIRMED.
NOTES
[1] The arguments and assignments which we do not discuss herein are as follows:

1. Arguments III and VI(K) in which defendant contends that the trial judge erred in admitting evidence of the unserved affidavit and allowing the affidavit to supply the necessary particularity of the warrant (Assignments 1b and 1c).
2. Argument IV in which the defendant contends that the trial judge erred in ruling that the statement made during an illegal search was admissible (Assignment 3).
3. Argument V in which the defendant contends that the trial judge erred in admitting the statement made by the defendant during custodial interrogation (Assignment 27).
4. Argument VI in which the defendant contends that the trial judge erred in denying a motion for a mistrial based on prejudicial conduct of the proceedings (Assignment 32).
5. Argument VI(A) in which the defendant contends that the trial judge erred in qualifying a state witness as an expert in the field of law enforcement and drug abuse (Assignment 31).
6. Argument VI(B) in which the defendant contends that the trial judge erred in permitting jurors to pass around exhibits (Assignment 34).
7. Argument VI(C) in which defendant contends that the trial judge erred in allowing non-expert testimony concerning the smelling and identification of the material as marijuana (Assignments 6, 14 and 22).
8. Argument VI(D) in which the defendant contends that the trial judge erred in permitting testimony regarding innocent items branded as drug related (Assignments 20, 23 and 24).
9. Argument VI(F) in which the defendant contends that the trial judge erred in permitting leading questions concerning the voluntary nature of defendant's confession (Assignments 9, 11, 12, 16, 19, 21 and 26).
10. Argument VI(I) in which the defendant contends that the trial judge erred in permitting testimony about items prior to their identification (Assignments 4 and 7).
[2] Defendant did not assert in a formal assignment that the affidavit failed to set forth probable cause, but he has argued it extensively in brief. Nonetheless we consider that argument herein.
[3] The text of the affidavit recites as follows:

"On December 21, 1976, at approximately 10:00 P.M., Agent Sam Bolen and Sgt. R. L. Guy met with a confidential reliable informant, hereafter referred to as C.I. This C.I. must remain anonymous in order to insure his personal safety. The C.I. stated:
1. That a white male known as Joe lives in the apartment which is located above Alice's Beauty Shop at 2814 Wheless Ave. Joe's apartment is the east side, upstairs (the apartment closest to Wheless Avenue).
2. That Joe is a wholesale distributor of marijuana. That Joe sells large quantities of marijuana, usually by the pound.
3. That within the past 24 hours the C.I. has been in Joe's apartment and while there saw no less than 10 one pound bricks of marijuana, which Joe was selling for $125.00 per pound.
Agent Sam Bolen and Sgt. R. L. Guy went to 2814 Wheless Avenue and saw that at that address the downstairs portion is identified as Alice's Beauty Shop by a sign on the outside and that there is an apartment above the Beauty Shop which can be reached by climbing the stairs, northside, of the structure.
Agent Bolen checked the Shreveport City Directory and found that 2814½ Wheless Avenue is listed to Joseph Filipowski. Agent Bolen recognized the name and went to the Shreveport Police Department Narcotic Intelligence File and found a card on Joseph Michael Filipowski, white male, D.O.B. 8-10-54, address 2814½ Wheless. This card showed that on 8-11-75, Filipowski was arrested for possession of Hashish with intent to distribute. It also showed that on 8-28-75 Narcotic Agents received information regarding Filipowski's involvement in the illicit drug traffic.
Sgt. Guy has received information from this C.I. on several occasions regarding no less than four (4) drugs dealers and pertaining to their illicit drug activities. Sgt. Guy has checked this information and found it to be true and correct. On at least one occasion Sgt. Guy used information furnished by this C.I. to arrest one individual and seize a large quantity of marijuana. That individual was convicted of possession of marijuana with intent to distribute as a direct result of the above mentioned arrest.
Agent Bolen and Sgt. Guy feel that there is probable cause to believe that marijuana is located in Joe's apartment which is above Alice's Beauty Shop at 2814 Wheless Avenue and request that a search warrant be issued."
[4] The record does not indicate for certain whether the two upstairs apartments have any differentiating markings, only that the east side apartment was the only one which really had "an assigned number" (2814½ Wheless Avenue). We glean from the record that on the north side of the building there was an exterior staircase which at the top of the first level branched toward two doors. One of them led to the east portion of the second floor and the other to the west portion of the second floor.
[5] The transcript of the voir dire examination indicates that this prospective juror did not serve because after the trial judge denied the challenge for cause, defense counsel excluded him through a peremptory challenge.