BLANCHE, Justice.
Defendant Keith Brown was indicted by an Orleans Parish Grand Jury with the aggravated kidnapping (R.S. 14:44) and armed robbery (R.S. 14:64) of Gloria Vietia. Prior to trial, defendant filed a motion to suppress evidence seized pursuant to a warrant authorizing the search of his automobile. From a ruling by the trial court sustaining the motion to suppress, the state has applied to this Court. We granted writs, and reverse the judgment of the trial court granting the motion to suppress.
The motion to suppress challenged the validity of the authorizing warrant, contending that it failed to describe the automobile to be searched with sufficient particularity. Both the United States and Louisiana Constitutions provide that no warrant shall issue unless based on probable cause, supported by oath or affirmation “and particularly describing the place to be searched * * U. S. Constitution, Amendment IV; Louisiana Constitution, Article I, Section 5; see also Louisiana C.Cr.P. art. 162; State v. Cobbs, 350 So.2d 168 (La.1977).
The object of the particularity requirement is to prevent the search of the wrong premises. As this Court said in State v. Cobbs, supra, at 171:
If the place to be searched is described in sufficient detail to enable the officers to locate it with reasonable probability that the police will not search the wrong premises, the description is sufficient.
In the instant case, the warrant authorizing the search of defendant’s automobile contained the following language: “Affidavit(s) having been made before me by Detectives Patrick Jones and Don Hoyt, That he has good reason to believe that on or in the (vehicle) located at 5505 Bundy Rd. # 179, within the Parish of Orleans, State of Louisiana, and more fully described in the application for this warrant (emphasis added), there is now being concealed certain property. ..”
The application in support of the issuance of the warrant read: “That a search warrant should be issued for the search of the *1065 following described (vehicle) A 1981 Chevrolet Z-28 Camaro brown in color bearing vehicle identification number 1G1A)87L9BL162296; with a temporary Louisiana license in the name of Keith Brown address 5505 Bundy Apt. # 179.” Also included in the application was the affidavit by Detectives Jones and Hoyt stating the reasons and facts for the request of the warrant. The affidavit recounts the victim’s description of her abduction and concludes with the following paragraph:
It should be known that after Brown was positively identified by the victim, a police car was dispatched to the residence listed on the application filled out by him for issuance of his permit, 5505 Bundy RD. Upon arrival at 5505 Bundy Rd, the vehicle described above was located at 5505 Bundy, parked in spot # 179. In the rear window of the vehicle, was a temporary La. License laying face down. On the rear of the license was the name of Keith Brown address 5505 Bundy RD, apt. # 179.
The state contends that the detailed description of the vehicle to be searched contained in the application for the warrant served to particularize the description of the vehicle contained in the warrant itself. We agree.
In State v. Smith, 397 So.2d 1326 (La.1981), we noted that, “In some instances this Court has found that information contained in the affidavit may serve to ‘particularize’ an otherwise general or misleading description in the warrant such that the warrant description is sufficient.” The warrant in Smith authorized the search of 1821 Carondelet Street in New Orleans. Defendant’s residence, though contained in the same building, was at 1819 Carondelet Street. Although the warrant purportedly authorized the search of the wrong premises, the affidavit in support of the warrant contained additional information which made it clear that the officers had observed suspected activity at 1819. This information, coupled with the fact that the affiants were the executing officers, insured that the correct address would be searched. On this basis, we affirmed the trial court’s denial of a motion to suppress evidence seized in a search of 1819 Carondelet Street.
State v. Hysell, 364 So.2d 1300 (La.1978) involved the sufficiency of a description which designated a street address, but did not indicate which of the two apartments at that address was to be searched. Observing that in the affidavit the officers identified the place to be searched as “on the east side above Alice’s Beauty Salon closest to [the street]” and that an informer had pointed out the east side apartment, this Court stated, “Under these circumstances we find that the description in the warrant was sufficient to insure that the officers who in fact were to search the apartment would not search the wrong apartment.” 364 So.2d at 1305.
In the instant case, information contained in the affidavit eliminated the possibility that the wrong vehicle would be searched pursuant to the warrant. The warrant itself specifically referred to the detailed description given of the vehicle to be searched in the attached application and affidavit. The affiants were also the executing officers of the warrant. In light of our holdings in Smith and Hysell, supra, the trial judge erroneously ordered the suppression of the evidence seized in the search of defendant’s automobile.
Accordingly, the ruling of the trial court on the motion to suppress is reversed, and the case remanded.