430 So.2d 183 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Irving Richard MAJORS, Jr., Defendant-Appellant.
No. 15291-KA.
Court of Appeal of Louisiana, Second Circuit.
March 28, 1983.
Rehearing Denied May 5, 1983.
Writ Denied June 27, 1983.
*184 A.L. Blondeau, Asst. Dist. Atty., Bossier Parish, Benton, for plaintiff-appellee.
Wellborn Jack, Jr., Shreveport, for defendant-appellant.
Before PRICE, C.J., and JASPER E. JONES and NORRIS, JJ.
NORRIS, Judge.
Reserving his right to appeal from an adverse ruling on a motion to suppress evidence seized pursuant to a search warrant under State v. Crosby, 338 So.2d 584 (La. 1976), defendant, Irving Richard Majors, Jr. pled guilty to possession of marijuana in violation of La.R.S. 40:967 and possession of amphetamines with intent to distribute in violation of La.R.S. 40:967(A).
The only issue involved in this appeal is the propriety of the trial court's overruling of Majors' motion to suppress.
Approximately twenty-eight hours prior to the search in question, which occurred in the early morning hours of January 8, 1982, Officer Mike May met with his confidential informant on Poole Road in Bossier Parish at a location near the mobile home where Majors resided. Officers Rambo and Furqueron were in a different vehicle behind May at the time of the meeting. May searched the CI as well as his car and found no drugs. Thereafter, the CI was given money with which to purchase drugs from Majors and from the residents of an identical mobile home located adjacent to Majors' mobile home but closer to Poole Road. The adjacent mobile home and Majors' residence are owned by Majors' father and share a common rural mailbox and address. The occupants of Majors' mobile home are Majors and his wife; the occupants of the adjacent mobile home are Majors' sister and her husband.
After the meeting with the CI, the officers observed the CI park in front of the mobile homes but did not actually see the CI enter either of them. Some one and one-half hours later, the CI met May again, at this meeting turning over to May two packages containing amphetamine which the CI declared had been purchased, one from each mobile home.
May had had Majors under investigation for some ten months and was familiar with *185 both mobile homes and their occupants. After receiving the drugs, the officers proceeded to prepare two separate search warrants, one for each mobile home. The proper papers were prepared on printed forms in normal fashion with the exception that the premises to be searched in each instance was not entirely described on the face of the warrant or the application in support thereof. On both documents concerning Majors' residence, the partial description of the place to be searched read as follows:
... a mobile home being gold in color with white or beige stripes at the top and bottom of the mobile home, located at Route 1, Box 93, Elm Grove, Bossier Parish, Louisiana. See also attached description. [Emphasis added.]
Identical descriptions which complimented and amplified the partial description found on the face of the warrant and the application were, according to the testimony of May, attached to both the warrant and the application and presented to the judge for his consideration and signature. The attached descriptions read as follows:
Description of property is as follows;
A certain mobile home located on a tract of land described as follows;
That part of the west half of section twenty-four, west of Platt River, and northwest of Mulberry Bayou and ten acres off west part of northwest of southwest lying southeast of Bayou in southwest quarter, section twenty-four, township fifteen, range eleven.
Said mobile home is located approximately 2.8 miles east of State Highway 71 south on Poole Road. Poole Road intersects State Highway 71 south and runs in an easterly/westerly direction for approximately two miles and then runs in a southerly/northerly direction.
Said mobile home is located approximately one (1) mile north of the intersection of Levee Board Road and Poole Road. Levee Board Road runs in an easterly/westerly direction and intersects State Highway 71 south on its west end and Poole Road on its east end.
Said mobile home is situated on the east side of Poole Road approximately fifty (50) to one hundred fifty (150) feet east of that road. It is adjacent to another mobile home and is the one fartherest from Poole Road. It is located east, northeast of the other mobile home which is very similar in appearance, however, the mobile home of Majors appears to be the larger of the two.
Majors mobile home is described as being gold in color with white or beige stripes at the top and bottom of home. Said home has approximately two (2) entrance/exit doors on the northerly side and one (1) entrance/exit door on the southerly side.
The documents were later detached by removing the staples for copying purposes and then reattached so that copies could be distributed.
May and Furqueron, who conducted the surveillance, and who were the officers in charge of conducting the search, with the assistance of other law enforcement officers then proceeded to execute the search warrants, searching both the Majors' residence and the adjacent mobile home at approximately the same time. The evidence produced as a result of the search of the residence of Majors is the evidence sought to be suppressed.
On appeal, Majors assigns as error:
(1) the trial court's failure to suppress the evidence, and
(2) the trial court's refusal to disclose the identity of the confidential informant.
Because Majors has failed to brief or argue the second assignment of error, we consider it to be abandoned and will not consider it. See State v. Domingue, 298 So.2d 723 (La.1974).
The real thrust of Majors' argument on appeal is that the warrant in question violates constitutional mandates which require that the warrant particularly describe the place to be searched. Majors strongly contends that the attached description referred to above should not be considered to be a part of the warrant or application because *186 it was not identified on its face with the warrant or application and was not "signed, initialed or sealed by anyone."
Both the United States and Louisiana Constitutions provide that no warrant shall issue unless based on probable cause, supported by oath or affirmation and "particularly describing the place to be searched * * *." U.S.Const.Amend. IV: La. Const. 1974 Art. I, § 5. See also La.C.Cr.P. Art. 162; State v. Cobbs, 350 So.2d 168 (La. 1977); State v. Brown, 412 So.2d 1064 (La. 1982). The object of the particularity requirement is to prevent the search of the wrong premises. In State v. Cobbs, supra, the court stated:
The object of the description in a search warrant is to prevent the search of the wrong premises. If the place to be searched is described in sufficient detail to enable the officers to locate it with reasonable certainty and with the reasonable probability that the police will not search the wrong premises, the description is sufficient. United States v. Prout, 526 F.2d 380 (5th Cir.1976); United States v. Darensbourg, 520 F.2d 985 (5th Cir.1975); United States v. Melancon, 462 F.2d 82 (5th Cir.1972). See also Wharton's Criminal Procedure, § 166 at 343-346 (12th Ed.1974). [Emphasis added.] 350 So.2d at p. 171.
It is virtually conceded by Majors' counsel that if the amplifying and detailing attached description, specifically referred to in the warrant, can be considered as a part of the warrant then the mobile home to be searched would be described with sufficient particularity to meet the constitutional test.[1]
"State Exhibit-1" contains the documents concerning the search of the Majors' mobile home and consists of (1) an "Affidavit in Application for Search Warrant," with the attached description and another attachment containing additional information constituting probable cause for the search; (2) the "Search Warrant" with the attached description; and (3) the "Return on Search Warrant." All of these documents were stapled together and filed into evidence as one document. May, who was one of the affiants on the affidavit, testified unequivocally, and his testimony is uncontradicted and unrefuted, that the correct attached description was properly affixed to both the warrant and the application when the document as a whole was presented to and considered by the judge in the performance of his duty.
While we have been unable to find a Louisiana decision squarely on point, we have found federal decisions which have addressed this identical issue, resolving it in favor of the validity of the warrant.
In United States v. Meeks, 313 F.2d 464 (6th Cir.1963), the court noted:
The affidavit was made up on a printed official form used for such purposes. In the place where it stated that the affiant had reason to believe that on the premises known as Frank Meeks, Grundy County, in the Eastern District of Tennessee, "there is now being concealed certain property, namely, etc.," there was obviously insufficient space to write a description of the premises with directions how to locate it. In this space there are the words "(See attachments)" and there is stapled to the affidavit covering that space a strip of paper, approximately an inch deep and containing seven lines of description of the premises with directions how to locate it. This same situation exists with respect to the search warrant. These paper strips are not signed or initialed, but the typing on them appears, at least to the inexperienced layman, to be by the same machine used in filling out the other portions of the printed forms.
Appellant contends that since it is not shown by a signature, initials or some other identifying mark thereon, that the typewritten slips of paper were a part of the affidavit and search warrant at the *187 time of the execution and issuance thereof, they do not legally constitute a part of either the affidavit or the search warrant and that the warrant is, accordingly, invalid for failing to contain a reasonably definite description of the property to be searched.
Appellant's counsel states that he has been unable to find any reported decision sustaining this specific contention, but urges upon this Court a ruling to that effect based upon the principles embodied in the Fourth Amendment to the Constitution of the United States protecting the rights of the people against unreasonable searches and seizures. Boyd v. United States, 116 U.S. 616, 635, 6 S.Ct. 524, [534], 29 L.Ed. 746; McDonald v. United States, 335 U.S. 451, 455-456, 69 S.Ct. 191, [193-194], 93 L.Ed. 153.
A somewhat similar question was recently considered by this Court in United States v. Brooks, 303 F.2d 851, cert. denied, 371 U.S. 889, 83 S.Ct. 184, 9 L.Ed.2d 122. In that case the attachments were better identified than they are in the present case, but our basic ruling was that subject to satisfactory identification of such an attachment, the instrument was not invalid merely because necessary statements were contained in the attachment rather than in the main body of the instrument. The real question is, were the attachments fastened to the instruments at the time of their execution so as to constitute one complete document, in which event it would not be necessary that they be separately signed. Clay v. United States, 246 F.2d 298, 303, C.A.5th. In the present case the printed form expressly refers to an attachment and the attachment is physically stapled to the form. Although it was a careless way in which to handle the matter, without better identification and one which we do not approve, the two papers appear to be one complete document, regular on its face, supported by the presumption that the Commissioner properly performed her duty. United States v. Brooks, supra. Appellant offers nothing to attack the validity of the instruments except the suggestion of the possibility that the Commissioner did not perform her duty. We believe that is insufficient to invalidate the instruments. [Emphasis added.]
Likewise, in United States v. Ortiz, 311 F.Supp. 880 (U.S.D.C.1970), affirmed 445 F.2d 1100 (10th Cir.1971), the court stated:
The third argument of the defendants is that both warrants insufficiently describe the premises to be searched because: (1) The warrant itself contains an insufficient description of the cabin to be searched without incorporation of the map, and that the phrase "see attached map" is legally insufficient to effectuate an incorporation by reference; (2) even with the map, the description does not name the owner or defendant and is too vague to pinpoint the specific cabin to be searched. We disagree with both of these contentions. To incorporate documents into the warrant for purposes of identifying the premises to be searched, it is sufficient if the attachment and the warrant constitute one complete documentthat they are physically connected and the warrant expressly refers to the attachment. See United States v. Meeks, 313 F.2d 464 (6th Cir.1963). Furthermore, there is no need to include the owner's or defendant's name on a search warrant that otherwise sufficiently describes the premises to be searched. Dixon v. United States, 211 F.2d 547, 549 (5th Cir.1954). A description of the premises is sufficient if it enables the officer readily to find it. Townsend v. United States, 253 F.2d 461 (5th Cir.1958).
We find these decisions to be applicable and persuasive in the instant case.
Under La.C.Cr.P. Art. 703(D), a defendant bears the burden of proving the invalidity of the warrant. In the instant case that burden would include proving that the attached descriptions were not attached to the warrant and affidavit when the documents were presented to and considered by the judge. See State v. Scramuzza, 408 So.2d 1316 (La.1982). The record is totally *188 devoid of any such proof; rather the evidence is undisputed to the contrary. The only evidence in the record is that the search warrant and application, together with the attached descriptions, were properly stapled together and formed one document when presented to the judge for his signature and consideration.
The warrant and the application in question are completed, printed forms. The forms have typed in a partial description of the mobile home to be searched and refer to the attached descriptions. Those descriptions are physically stapled to the forms. Furthermore, the typewritten portion on the printed forms and the attached descriptions appear to us to come from the same typewriter. Additionally, the attached descriptions reiterate the description of the mobiel home contained on the warrant and the application, refer to it as "Majors mobile home," describe the property on which the mobile home is located, distinguish it from the adjacent mobile home and give detailed directions as to how to get to it.
Admittedly, it would have been preferable to further identify the attached description with the warrant and the application or to have the judge sign or initial the descriptions in such a manner as to further identify them with the warrant and application. Out of an abundance of precaution, we caution law enforcement officials and judges that we would consider such identifying measures to be the preferable practice in the handling of attachments to warrants and/or applications in support thereof. However, under the particular facts and circumstances presented in the instant case, we find that the procedure followed herein is not fatal. It is clear that the warrant, application and descriptions attached thereto form one document that appears regular on its face and that itas one document was submitted to the judge.
Additionally, we note a line of cases holding that the information contained in the affidavit in support of the search warrant may serve to particularize an otherwise general or misleading description in a warrant so as to make the warrant description sufficient. State v. Melton, 412 So.2d 1065 (La.1982); State v. Smith, 397 So.2d 1326 (La.1981); State v. Hysell, 364 So.2d 1300 (La.1978). While we do not feel that this approach is necessary to the resolution of this matter in favor of the validity of the warrant and the resulting search, we conclude that it forms an additional basis for upholding the warrant's validity. In the instant case, the warrant adequately describes the mobile home and its location at Route 1, Box 93, Elm Grove, Bossier Parish, Louisiana. The affidavit in support thereof adequately describes the residence at Route 1, Box 93, Elm Grove, Louisiana, as being that of Irving Richard Majors, Jr. This information, coupled with the fact that the affiants were also the officers in charge of executing the warrant, and were knowledgeable and familiar with the residence to be searched because of their prolonged and extensive surveillance of these two uniquely located mobile homes, eliminated the possibility that the wrong mobile home would be searched. Finally, even though there were two mobile homes to be searched, each was searched pursuant to a warrant at almost the same time.
In summary, all of the unique facts and circumstances presented by this case insured that the officers who actually conducted the search would not and did not search the wrong mobile home when Majors' mobile home was searched. Any possibility of error was effectively eliminated. Thus, the object of the Fourth Amendment's particularity requirement was adequately met.
Accordingly the trial court's ruling on the motion to suppress is affirmed as are the conviction and sentence of defendant, Irving Richard Majors, Jr.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Defendant argues that because the evidence shows the two mobile homes to be identical, the particularity test is defeated because the attached description describes the Majors' mobile home to appear slightly larger. Without further explanation, we reject this argument.