BOWES, Judge.
This case comes before us on remand from the Louisiana Supreme Court, State v. Ockman, 456 So.2d 1005 (La.1984), with instructions to decide the merits of relator’s argument.
At 10:08 p.m., on November 22, 1982, members of the St. John the Baptist Parish Sheriff’s Department executed a search of the residence of the defendants, Jay Ock-man and Renette T. Ockman. A copy of a search warrant was left with Jay Ockman.
The subject search warrant was signed in LaPlace, Louisiana, by Judge Thomas J. Malik on November 22, 1982.
As a consequence of the search, numerous articles from the defendants’ home were seized and defendants were charged with violation of LSA-R.S. 40:967(A) and (C).
On December 28, 1983, defendants’ motion to suppress evidence was heard before *659 the 29th Judicial District Court to determine whether objects obtained during the search of defendants’ residence should be ruled inadmissible as fruits of an illegal search. The trial judge found that the search warrant met the minimum legal requirements and that the evidence seized could therefore be properly admitted at trial.
It was from this ruling that defendants originally took writs to this court and which brings us to the issues at hand — (1) whether the search warrant contained an adequate description of the place to be searched and (2) did the warrant affidavit contain sufficient information from which a magistrate could find probable cause?
La.C.Cr.P. art. 162 places restrictions on the issuance of search warrants:
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
A search warrant shall particularly describe the person or place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search or seizure.
The second paragraph of the article was expounded upon by the Louisiana Supreme Court in State v. Cobbs, 350 So.2d 168 (La.1977), wherein the court stated:
The object of the description in a search warrant is to prevent the search of the wrong premises. If the place to be searched is described in sufficient detail to enable the officers to locate it with reasonable certainty and with the reasonable probability that the police will not search the wrong premises, the description is sufficient.
In establishing whether the description is sufficient, courts have examined the warrant affidavit, as well as the cover of the application to determine if information therein would serve to clarify or particularize an otherwise misleading description. See State v. Majors, 430 So.2d 183 (La.App. 2nd Cir.1983); State v. Hysell, 364 So.2d 1300 (La.1978).
The courts, in other cases, have considered if the description would be misleading to the officers actually executing the warrant. If the premises was well known to them or had been under surveillance, a discrepancy in the written description would not be fatal to the warrant’s validity. See State v. Case, 363 So.2d 486 (La.1978); State v. Hysell, supra; State v. Majors, supra.
In applying for the search warrant, the affiant, Det. Sgt. W.D. Rodrigue, described the premises to be searched thusly:
Residence of Jay Ockman located off Church Street, Garyville, Louisiana. Residence being white brick with asphalt shingle roof w/garage with Christmas tree in front window.
This description appears both on the cover of the application and the warrant affidavit. We note the description contains no house number or route and box number. The warrant neither specifies on which side of the street the house may be found, nor is the location of the home pinpointed as being some definite distance from an easily-identifiable landmark.
Furthermore, neither the warrant nor the affidavit contain any indication that the officer in the case personally knew the place to be searched or at any time had had the residence under surveillance. In fact, circumstances point to the conclusion that Sgt. Rodrigue was completely unfamiliar with the Ockman home — the warrant describes a Christmas tree in the front window, when the front window was boarded-over. Since the tip from the confidential informant came in at approximately 7:00 p.m., and the search warrant was served at 10:08 p.m. the same night, it appears doubtful that the authorities even drove the length of Church Street, in any attempt to ascertain how many “white brick” houses with “asphalt shingle” roofs there were on the street.
Finally, we note that Sgt. Rodrigue, the officer who prepared and executed the war *660 rant, failed to appear and testify at the hearing.
We find, therefore, the description in the warrant of the place to be searched woefully inadequate and that the house which was searched by the police was not “particularly described”, as required by law. Hence, the resulting search was unconstitutional and illegal and the evidence seized therein is inadmissible.
Having so found, we need not address the issue of probable cause.'
Accordingly, the ruling of the trial court on the motion to suppress is reversed and the case remanded.
REVERSED AND REMANDED.