408 So.2d 1316 (1982)
STATE of Louisiana
v.
Alfred SCRAMUZZA and Ronald Gregoire.
No. 81-K-2101.
Supreme Court of Louisiana.
January 25, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Philip Andrew Prossnitz, Asst. Dist. Attys., New Orleans, for plaintiff-relator.
Salvatore Panzeca, of Racivitch, Carriere, Panzeca & Charbonnet, New Orleans, for defendant-respondent.
LEMMON, Justice.
Defendants filed a motion to suppress certain evidence seized in a search conducted pursuant to a warrant. The trial judge granted the motion, and we granted certiorari to review that ruling. 404 So.2d 283.
*1317 The issues raised by the defendants are whether the warrant particularly described the place to be searched, as required by La.Const. Art. I, § 5 (1974) and C.Cr.P. Art. 162, and whether the affidavit supported the issuing magistrate's finding that the officers who executed the affidavit had probable cause to believe gambling was going on at the particular place sought to be searched.[1]
The warrant was issued to search for certain gambling materials believed to be "located at 5654 Hawthorne St. within the Parish of Orleans". The application described the premises as a wood frame residence, apparently two stories, painted green with black trim, and stated the following reasons supporting the warrant request:
"On Wednesday, September 17, 1980 Dets. Rickey Bruce and Wayne Jusselin of the Vice Crimes Section met with a reliable confidential informant. This informant has given Det. Jusselin and members of the Vice Crimes Section information in the past 5 years which has led to the arrest and conviction of numerous bookmakers in the New Orleans area.
"The information received from the informant was that he had been placing illegal football bets with a white male named `Hoss', by dialing telephone numbers 486-6977 and 486-6831. The informant described `Hoss', as a white male, 5'6" to 5'7" tall, 170 to 180 lbs., with thin brown hair, who drives a Cadillac. The informant stated that he had last placed a bet with `Hoss' on Sunday, September 14, 1980. Dets. Bruce and Jusselin left the informant after making arrangements to meet at a later date.
"On Friday, September 19, 1980 Det. Jusselin contacted the Security Division of the South Central Bell Telephone Company. Det. Jusselin learned that telephone numbers 486-6977 and 486-6831 were listed to Richard Evans, 5654 Hawthorne St. Det. Jusselin also learned that both of the telephone numbers were equipped with the call waiting feature and that telephone number 486-6977 was additionally equipped with the call forwarding feature offered by South Central Bell. It should be noted that subscribing to telephone numbers in names other than their own is a practice commonly used by bookmakers to avoid police detection.
"Also on Friday, September 19, 1980 Det. Bruce checked with New Orleans Public Service and learned that the utilities for 5654 Hawthorne St. were in the name of A.R. Arsenault. It should be noted that subscribing to utilities in names other than their own is also a common practice used by bookmakers to avoid police detection.
"On Sunday, September 21, 1980 Dets. Bruce and Jusselin met in the Vice Crimes Section office with their reliable confidential informant. Det. Jusselin asked the informant to place a football wager with `Hoss' as he had done in the past. Det. Bruce watched as the informant dialed telephone number 486-6977. Det. Jusselin listened on an extension telephone and monitored the conversation. After one ring, the telephone was answered by a male voice stating `Hello'. The informant asked if `Hoss' was speaking to which he received an affirmative answer. After asking for and receiving the spread on several of the professional football games being played that day, the informant placed a sizeable wager on one of the games. The male voice repeated the bet and terminated the call.
"On Monday, September 22, 1980 at approximately 4:30 PM Det. Jusselin dialed telephone number 486-6831. The call was answered by an unknown female after three rings of the telephone. Det. Jusselin asked to speak to `Hoss'. The female stated that `Hoss' was not there, but would be at 5:30 PM. Det. Jusselin *1318 terminated the call after telling the female that he would call back.
"On Monday, September 22, 1980 at approximately 5:00 PM Dets. Bruce and Jusselin conducted a surveillance of 5654 Hawthorne St. At approximately 5:27 PM Dets. Bruce and Jusselin observed a 1976 orange colored Cadillac pull up and park in front of 5654 Hawthorne St. A white male, approximately 5'8" tall, 180 lbs., wearing a green shirt and gray pants, fitting the informant's description, exited the Cadillac carrying a brown paper bag. The male then removed a brief case from the rear seat of the vehicle before walking directly to the front of 5654 Hawthorne St. and entering. Det. Jusselin proceeded to a nearby telephone as Det. Bruce maintained surveillance of 5654 Hawthorne St. Det. Jusselin dialed telephone number 486-6831. After one ring the telephone was answered by a male voice stating `Hello'. Det. Jusselin hung up the telephone and rejoined Det. Bruce. At approximately 9:00 PM Dets. Bruce and Jusselin terminated their surveillance and returned to the Vice Crimes Section office."
When the warrant was executed, police arrested both defendants and seized numerous items associated with gambling operations.
At the hearing of the motion to suppress defendant Gregoire testified that the address of the place, at which he was arrested and the search was conducted, was 5654 Hawthorne Place, New Orleans, not Hawthorne Street. In order to determine whether there were any other streets in the city by that name, the trial judge obtained a United States Post Office Zip Code Directory and found listings of Hawthorne Place and Hawthorne Avenue.[2] Taking judicial notice of the governmental publication, the trial judge admitted a copy of the pertinent directory page, over the state's objection. He then ordered the evidence suppressed, concluding that the bare municipal address was insufficient to describe particularly the place to be searched.
Insofar as this record shows, Hawthorne Place is the only street in the City of New Orleans with the name "Hawthorne".[3] The reference to the public way on which the building fronted as "Street" instead of "Place" was therefore a minor inaccuracy which had no practical significance. Furthermore, the officers who conducted the surveillance were the same officers who were to (and did) conduct the search. Under the overall circumstances there was little likelihood that the officers would search the wrong premises. United States v. Darensbourg, 520 F.2d 985 (5th Cir. 1975). We conclude that the search warrant, listing 5654 Hawthorne Street in New Orleans and depicting the exterior appearance of the residence, clearly described with particularity the place to be searched.[4]
Defendants argue in brief that the affidavit did not reveal that the officers obtained sufficient information from the telephone company to establish probable cause to believe the telephones used in the gambling operations were located at 5654 Hawthorne in New Orleans. (The officers purposefully called the number of the telephone without the call forwarding feature, and they presumably knew that the telephone *1319 exchange with the prefix 486 is located in that part of the City of New Orleans encompassing the 5600 block of Hawthorne. If this argument had been made to the trial court in the motion to suppress or at the hearing, the state might have established the officers' knowledge of the location associated with this prefix.[5]) Nevertheless, the officers further developed the tip by calling the number of the telephone without the call forwarding feature and determining from a woman that "Hoss" was to return at 5:30 p.m. The officers then established a surveillance at 5654 Hawthorne Place and observed a man (who exactly fit the informant's description) drive up at 5:27 p.m. in an orange Cadillac and enter the residence. When one officer dialed the same telephone number, a man answered.
The magistrate had before him the information obtained by the officers from the reliable informant and from the subsequent surveillance, and he reasonably concluded that the officers had probable cause to believe that the telephones used in the gambling operation were located at the residence that they observed on Hawthorne Place. The test for evaluating a warrant affidavit supporting a search is one of reasonableness. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). When tested and interpreted in a commonsense and realistic fashion, the affidavit supports the magistrate's conclusion.
Accordingly, the judgment of the trial court is reversed, and the motion to suppress is denied. The matter is remanded for further proceedings.
NOTES
[1] The second issue is raised for the first time on appeal. For the reasons stated, this contention has no merit and is being treated as properly presented.
[2] Hawthorne Avenue, with a listed zip code of 70123, is located in Jefferson Parish, outside of the City of New Orleans. This is a geographical fact, of which the court can take judicial notice. R.S. 15:422(6). Moreover, the zip code directory is the sort of commercial publication which should be treated as a self-authenticating document admissible as an exception to the hearsay rule. See Fed.R.Evid. 803(17) and 902(5).
[3] The burden of showing that another public thoroughfare bears the name "Hawthorne" falls upon the defendant, because he is challenging the validity of a search authorized by a warrant. C.Cr.P. Art. 703.
[4] The issuing magistrate only had the statutory authority to issue a warrant authorizing a search of a place located within the Parish of Orleans. See C.Cr.P. Art. 161.
[5] The sole ground asserted in the motion to suppress was that the search was unreasonably conducted without a warrant.