465 So.2d 124 (1985)
STATE of Louisiana
v.
Kent BROUILLETTE.
No. KA-1881.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
Rehearing Denied March 27, 1985.
*125 Suzette L. Powers, Salvatore Panzeca, Racivitch, Carriere, Panzeca & Charbonnet, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, for plaintiff-appellant.
Before REDMANN, C.J., and GULOTTA and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant, Kent Brouillette was charged with three counts of drug possession: (1) possession of pentobarbital, LSA-R.S. 40:966; (2) possession of diazepam, LSA-R.S. 40:969; and (3) possession of marijuana, LSA-R.S. 40:966. Following a denial of his motion to suppress, Brouillette pled not guilty. He was found guilty as charged on all three counts and was sentenced to serve two concurrent five year terms at hard labor for the possession of pentobarbital and diazepam. The defendant was sentenced to serve one year in the custody of the Department of Corrections for the possession of marijuana, running consecutively with the sentences received on the previous counts.
The defendant now appeals advancing four assignments of error. Additionally, we have reviewed the record for errors patent and the sufficiency of the evidence.
Shortly after midnight on March 11, 1983, several Orleans Parish police officers entered and searched the premises located at 518 Burgundy Street. The search was made pursuant to a warrant issued on March 4, 1983. Based on a six page affidavit by Detective Henley of the Vice Crimes Section of the New Orleans Police Department, the primary purpose of the warrant was to search for records and evidence concerning a prostitution service run by defendant. Entrance to the premises was gained when officers kicked in the front door after there was no response to a knock.
Upon entering, the officers found a male and a female sitting on the couch watching television. Detective Henley went upstairs where he found the defendant and a companion in the bedroom. The four people were assembled in the living room and police proceeded with the search. During the course of the search a clear plastic bag containing 13½ diazepam tablets was found in a kitchen cabinet. After these drugs were found, the four people in the house were placed under arrest for possession of diazepam. As police continued the search, a bag of marijuana and three (3) pentobarbital capsules were found wrapped in a shirt in a clothes dryer located on the patio of the residence. The parties were then advised that they would also be charged with possession of these drugs. During *126 the detention, the defendant approached the police several times asking for the release of the other three people because the drugs belonged to him.
Defendant urges several assignments of error. The defendant contends that the trial court erred in failing to suppress the evidence seized during the search. He argues that the warrant was not issued upon probable cause and alleges various defects in the affidavit, the warrant and the search.
Defendant contends that there was insufficient information in the affidavit to provide probable cause to believe that the drugs the police seized were present in the house before the search. The defendant has misconstrued the purpose of the warrant. The affidavit upon which the warrant was based indicates that police investigations were focused primarily upon the House of the Rising Sun Escort Service and a prostitution service that the defendant was operating in connection with the service. The warrant and the supporting affidavit were centered on locating records and evidence concerning the prostitution service. The affidavit establishes probable cause sufficient to believe that a prostitution service was being run from 518 Burgundy and the warrant was issued to secure evidence to prove that fact.
When the police are in the process of executing a valid warrant they may seize things whether or not described in the warrant that may constitute evidence which tends to prove the commission of any offense. La.C.Crim.Pro. art. 165. In the instant case, a thorough search for the business records and accounts of the prostitution service could include a search of the kitchen area, particularly kitchen cabinets, and the patio area adjacent to the house. State v. Gilbert, 354 So.2d 508 (1978), See State v. Ventry, 439 So.2d 1144 (La.App. 4th Cir.1983). In sum, the police were in the house pursuant to a valid warrant, they had a right to make a complete search of the house, and in doing so the police found drugs, the possession of which constituted an offense and, therefore, the seizure was legal.
Defendant also alleges that the court erred in not suppressing the physical evidence on the grounds that the search was improperly and untimely executed. He claims that the shed in the patio where the marijuana and pentobarbital were found was not included within the description of the place to be searched. This argument fails in that the search warrant was for the "premises" located at 518 Burgundy Street. A warrant authorizing the search of the "premises" must reasonably be interpreted to include a search of the house, garage and other outbuildings which one normally associates with and includes in the word "premises." State v. Roach, 322 So.2d 222 (1975). In the case at hand "premises" would include the patio which is adjacent to the house proper.
Defendant's argument that the delay in execution of the warrant rendered the information in the supporting affidavit stale and invalid is meritless. La.C.Crim. Pro. art. 163 provides a search warrant is valid for ten (10) days, this one was executed seven (7) days after issuance. While it is recognized that the validity of a warrant may be affected by the passage of time, an important element of probable cause is the reasonable belief that the contraband or evidence will not have been disposed of, but will remain at the place to be searched at the time of the search. State v. Lewis, 385 So.2d 226, 229 (La.1980). The activity of running a prostitution service, which was the subject of the investigation, is an ongoing proposition. Therefore, there could be a reasonable expectation on the part of the police that the evidence desired would be present seven (7) days after issuance.
In the last assignment of error, defendant complains that the trial court erred in allowing testimony of defendant's prior criminal conduct. The testimony in question concerns three statements by police at trial. Although the officers did refer to the defendant by a nickname and did refer *127 to the last time they were on the premises, neither of these remarks, even when taken together, is of much consequence. The fact that the police alluded to prior association with the defendant does not place before the jury any past criminal conduct. If the defendant felt that his position was jeopardized by any remark made by the testifying officers he may have requested an admonition or a mistrial, he did neither. We find this complaint without merit.
Furthermore, there are no errors patent contained in the records. Additionally, we have reviewed the evidence introduced at trial and find that a rational trier of fact could have found defendant guilty as charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Graham, 420 So.2d 1126 (La.1982).
For the foregoing reasons, defendant's conviction and sentence are AFFIRMED.
AFFIRMED.