CARTER, Judge.
Bobby L. Garantine was charged by bill of information with (count 1) possession of *1145 marijuana with intent to distribute and (count 2) cultivation of marijuana, both in violation of LSA-R.S. 40:966 A. Defendant pled not guilty and filed a motion to suppress the seized contraband. Following a hearing, the motion to suppress was denied. Thereafter, defendant withdrew his pleas of not guilty. He pled guilty as charged to count 1 and entered a responsive plea of guilty to attempted cultivation of marijuana to count 2.[1] Defendant expressly reserved the right to appeal the adverse ruling on the motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced defendant to concurrent five year terms of imprisonment at hard labor on each count. Execution of the sentences was suspended, and defendant was placed on supervised probation for three years with special conditions. Defendant brings this appeal, urging as his sole assignment of error that the trial court erred by denying the motion to suppress.
FACTS
On November 4, 1986, Sergeant Tom Schiro of the Baton Rouge City Police Department obtained a warrant to search for marijuana in a trailer occupied by defendant. The warrant was based on the tip of a confidential informant. The search was executed the same day, resulting in the recovery of, among other things, several bags of marijuana and several marijuana plants growing under heat lamps. In his motion to suppress, defendant urged that the application for a search warrant was defective in that the description of the premises to be searched was inadequate.
The instant warrant issued to search a residence (trailer) located at 5668 Rush Drive, Lot B, Zachary, Louisiana in the Parish of East Baton Rouge. At the hearing on the motion to suppress, defendant and his wife testified that their mailing address was actually Slaughter, Louisiana (an East Feliciana Parish city). The affidavit in support of the search warrant reveals that Sergeant Schiro, the affiant, observed defendant’s trailer while in the company of the confidential informant. In addition, he noted that a mailbox with the name “Gar-antine” was positioned in front of defendant’s trailer. Schiro, who also participated in execution of the search warrant, testified at the hearing on the motion to suppress that he verified the location of defendant’s trailer in East Baton Rouge Parish prior to seeking a warrant.
In oral reasons for judgment, the trial judge noted that he found defendant’s correct mailing address to be 5688 Rush Drive, Lot B, Slaughter, Louisiana. However, he took judicial notice of the geographical location of defendant’s trailer in an unincorporated area of East Baton Rouge Parish, north of the Zachary city limits and south of the Slaughter city limits in East Feliciana Parish. See LSA-R.S. 15:422 (6). Noting also that Schiro had previously observed the trailer, the trial judge concluded that the premises were described with a reasonable certainty. We agree.
Constitutional provisions protect a person from unreasonable search and seizure of his house, papers, and effects. Absent exigent circumstances, no search or seizure shall be made except upon warrant issued upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and persons or things to be seized. U.S.Const.Amends. IV, XIV; LSA-Const. Art. 1, § 5; LSA-C.Cr.P. art. 162. The object of the particularity requirement is to prevent the search of the wrong premises. As the Louisiana Supreme Court stated in State v. Cobbs, 350 So.2d 168, 171 (La.1977): “If the place to be searched is described in sufficient detail to enable the officers to locate it with reasonable certainty and with the reasonable probability that the police will not search the wrong premises, the description is sufficient.”
*1146 The burden of showing that the municipal address provided in the search warrant would have presented confusion falls upon defendant because he is challenging the validity of a search authorized by a warrant. LSA-C.Cr.P. art. 703 D. There is nothing to suggest that another location with a street address similar to defendant’s could be found in the Zachary area. Furthermore, the officer who observed defendant’s residence actively participated in execution of the instant search. Under the circumstances, there was little likelihood that the officer would search the wrong premises. See State v. Scramuzza, 408 So.2d 1316 (La.1982), citing United States v. Darensbourg, 520 F.2d 985 (5th Cir.1975). Accordingly, we find that the trial court properly concluded that defendant failed to sustain his burden of showing that the instant address designation, although perhaps inaccurate for mailing purposes, does not describe with particularity the place to be searched.
For the foregoing reasons, this assignment of error is meritless.
CONCLUSION
For the reasons assigned, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. Defendant’s plea of guilty to attempted cultivation of marijuana was entered without amending the bill of information or riling a new one. Under the circumstances, we conclude that the trial court had jurisdiction to accept the instant guilty plea. Attempted cultivation of marijuana is legislatively responsive to the charged offense (LSA-C.Cr.P. art. 814 A 48) and is a lesser and included grade of the charged offense. See LSA-C.Cr.P. art. 558; State v. Cook, 372 So.2d 1202 (La.1979).