| iBARRY, Judge.
The State seeks review of the trial court’s decision to grant the defendants’ motion to suppress evidence. We grant the State’s application to decide whether the ruling was correct.
A search warrant must particularly describe the place to be searched. U.S. Const., Amend. IV; La. Const., Art. I § 5; La.C.Cr.P. Art. 162. The description in a search warrant is sufficient if the place to be searched is described in sufficient detail to enable the officers to locate the property with reasonable certainty and with the reasonable probability that the police will not search the wrong premises. State v. Korman, 379 So.2d 1061 (La.1980), citing Steele v. U.S., 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925). A minor error or discrepancy, such as a non-existent address, will not invalidate the search warrant as long as there was little possibility that the wrong premises would be searched. State v. Ventry, 439 So.2d 1144 (La.App. 4th Cir.1983), writ denied, 443 So.2d 589 (La.1983). However, if police officers knowingly search an entirely different premises than that described in the warrant, the ^evidence seized will be suppressed because the warrant did not particularly describe the place to be searched. State v. Manzella, 392 So.2d 403 (La.1980). In cases involving an incorrect address, the crucial question is whether the area searched is clearly the intended area for which the search warrant was secured. State v. Petto, 354 So.2d 563 (La.1978). The trial court has great discretion in ruling on a motion to suppress and that ruling is treated with deference on review. State v. Robinson, 386 So.2d 1374 (La.1980); State v. Williams, 594 So.2d 476 (La.App. 4 Cir.1992).
According to the application, Officer Jackson applied for a search warrant based upon information he received on Friday, January 27, 1995 from an anonymous concerned citizen by means of the A.T.F. Guns Hotline. The information related to a retail distribution of illegal narcotics, more specifically crack cocaine, from 654 N. Tonti Street. The alleged distributor was a male subject known by the street name of “Popee.” The caller further informed the officer that the residence was a “quarter house,” where ⅝ ounce of cocaine sold for $225. According to Officer Jackson’s application, on January 31, 1995 he supervised a controlled purchase of cocaine by a reliable informant “from 654 N. Tonti Street.” The informant met a male subject in the target area and placed $225 into the subject’s hand. The subject entered the residence at 654 N. Tonti Street and upon his return placed an object into the informant’s hand. The informant turned over one clear piece of plastic containing a white powdery substance.
On the application Officer Jackson listed 654 as the municipal number and described the premises as:
SECOND FLOOR APARTMENT, AS YOU ARE STANDING ON WALKWAY (REAR — 600 BLOCK N. TONTI STREET). THERE IS A PIECE OF PLY-WOOD COVERING THE FIRST WINDOW UPON ENTERING FROM THE REAR JsAND THE WORDS “STEVE hi RONI” WRITTEN ON AN ELECTRICAL BOX BELOW THE WINDOW.
The search warrant stated the address to be 654 N. Tonti Street with no further description.
The night-time photos submitted at the motion to suppress hearing showed no door in the doorway leading to the apartment searched, a boarded-up window upstairs to the left of that missing door and an electrical box with writing on it positioned between two doorways.
At the motion to suppress hearing Officer Jackson stated that he was assigned to the A.T.F. Task Force. He executed the search warrant on February 2, 1995 and arrested the defendants. Officer Jackson stated that he executed the warrant at 660 N. Tonti St. and discovered powder cocaine, marijuana, cash, a weapon, documentation to show it was Kathleen Jarvis’ apartment and Denard Alonzo’s clothing to indicate that he slept there. Officer Jackson seized: about eight grams of powder cocaine from Alonzo’s right pocket; *1046 about two pounds of marijuana from an upstairs restroom; and rocks of cocaine from a baby’s clothing drawer upstairs.
Officer Jackson stated that the warrant application listed 654 N. Tonti as the address and he executed the search warrant at 660 N. Tonti Street. He used the address of 654 N. Tonti on the application because the caller to the hotline reported that address. He said that the residence under surveillance was located on N. Tonti between Lafitte and Orleans. Number 660 was on the same side of the budding as 654. Officer Jackson conducted a couple of days of surveillance from the back of the building. In order to determine the address he walked around a two block distance and counted Udoors to pick up the corresponding address at the front of the building. He thought the caller determined the address in the same way. It was his impression that Jarvis lived at 654 N. Tonti previously; she told Officer Jackson that she had recently moved. Officer Jackson stated he described 660 N. Tonti on the application. The use of 654 N. Tonti St. was a mistake.
Prior to ruling on May 16, 1995 the trial judge personally went out to the back alleyway of the 600 block of N. Tonti Street. The judge recounted his observations on the record. He saw no boarded up window; that had changed. He observed the electrical box with the names on the back. There were roughly five doorways. The first door had no number on it; the second had the number 652 on it; the third had the numbers 54-56 on the back; the fourth doorway had no door; and the next number was 666. The trial judge stated that he did not find that Officer Jackson was in bad faith or intentionally misrepresented any facts. However, the warrant stated that the informant went into and made a purchase at 654 N. Tonti. The trial judge noted that there was a door with the number 654 on the back side of N. Tonti. That was not the residence that the officers entered when they executed the warrant. The court noted that there was no evidence that someone had gone out and painted numbers after the warrant was executed. The trial court concluded that a mistake was made in applying for the warrant. The court granted the motion to suppress the evidence.
Officer Jackson, the affiant, applied for a search warrant to be executed at 654 N. Tonti Street, the location of a cocaine purchase he observed. That address with no description was listed on the warrant itself. |sThe trial judge personally observed a door at the back of the 600 block of N. Tonti St. with the number 654 and that door did not lead to the apartment that was searched by the police. The residence searched was not clearly the residence for which the warrant was secured and suppressed the evidence.
The State argues that the search should be upheld under the “good faith” exception. In United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court noted that evidence seized pursuant to a warrant for which there was no probable cause need not be suppressed if the officers, who executed the warrant, believed the warrant was validly issued. However, the Court listed four instances where suppression remains the appropriate remedy for a search pursuant to an invalid warrant. The fourth exception relates to a warrant that is so facially deficient, i.e. in failing to particularize the place to be searched, that the executing officers cannot reasonably presume it to be valid.
The State concedes that the application and the warrant arguably were facially defective. The warrant authorized the search of 654 N. Tonti and the police searched 660 N. Tonti. The information contained in the warrant application, including the original tip from a concerned citizen and the police surveillance, pertained to 654 N. Tonti, but the warrant was executed at 660 N. Tonti. The fourth exception of Leon applies because the warrant so faded to particularize the place to be searched that the executing officers could not reasonably presume it to be valid.
|6The trial court did not abuse its discretion by granting the defendants’ motion to suppress the evidence. The ruling is affirmed.

AFFIRMED.