715 So.2d 692 (1998)
STATE of Louisiana
v.
Derrick DIGGS.
No. 98-K-0964.
Court of Appeal of Louisiana, Fourth Circuit.
June 24, 1998.
*693 Harry F. Connick, District Attorney, James J. Kelleher, Assistant District Attorney, Orleans Parish, New Orleans, for StateRelator.
Ike Spears, Jason Rogers Williams, Spears and Spears, New Orleans, for Defendant-Respondent.
Before SCHOTT, C.J., and BYRNES and MURRAY, JJ.
SCHOTT, Chief Judge.
On the application of the State of Louisiana, we grant certiorari to review a judgment of the trial court that granted defendant's motion to suppress evidence based on a defective search warrant.
The following facts were taken from the affidavit for the search warrant issued in this case. On June 5, 1997, a police officer received a tip from a reliable confidential informant who had given the officer information in the past that led to narcotics arrests and convictions. The informant stated that a black male, known by the nickname "Squirt," was distributing crack cocaine from his residence at 2614½ Louisiana Avenue. The informant indicated customers would approach the residence at the front door and meet with "Squirt," who would then sell them the cocaine. The informant indicated he/she had personally observed crack cocaine being sold from that location within 24 hours of the tip.
The officer set up a surveillance of the targeted residence. The officer observed a black man standing on a balcony on the upper right hand side of the building. As the officer watched, he saw an unknown man approach the building and the man stood on the sidewalk and conversed with the man on the balcony. The man on the balcony then went inside the building, reappeared downstairs, and met with the other man who had been on the balcony, who in turn gave the man on the sidewalk an unknown object. The unknown man left the area, and the targeted man reentered the building and returned to the balcony.
Within a short period of time, the officer observed two similar transactions between the targeted individual on the balcony and other people who walked up to the residence. In both cases, one involving a man and one involving a woman, the other person would hail the man on the balcony, who would then enter the building, go downstairs, meet with the newcomer, and receive money in exchange for giving the other person an unknown object.
Based on these facts, the officer obtained a search warrant for 2614½ Louisiana Avenue. Before executing the warrant, the officer and his partners observed yet another suspected drug transaction. At the conclusion of that transaction, the targeted individual, later identified as the defendant Derrick Diggs, went to a corner store to use the telephone. After detaining Diggs outside the store, the officers returned to the targeted residence, to execute the warrant. Unfortunately, the officers discovered that the true address for that residence, which was part of a fourplex, was 2214½ Louisiana Avenue. The officers nonetheless executed the warrant at the targeted residence and discovered the residence was an abandoned apartment which contained only an old sofa, sandwich bags of crack cocaine, and a shoe box containing a large amount of money, a beeper, a cellular phone, a letter from a utility company in Diggs' name, and Diggs' driver's license.
Defendant was charged with one count of possession with the intent to distribute cocaine and pled not guilty. In granting defendant's motion to suppress, the trial judge found the warrant was fatally flawed because the address listed on the affidavit for the warrant and the warrant itself was not the address of the residence which was ultimately searched. The State argues that the address listed on the affidavit and the warrant was merely a typographical error that does not invalidate the warrant. The officer testified *694 that once he typed the address on the application for the warrant, the computer added that address on each pertinent part of the application and the warrant itself.
A search warrant must particularly describe the place to be searched. U.S. Constitution, Amendment IV; Louisiana Constitution of 1974, Article I § 5; La.C.Cr.P. Article 162. The description in a search warrant application is sufficient if the place to be searched is described in sufficient detail to enable the officers to locate it with reasonable certainty and with the reasonable probability that the police will not search the wrong premises. State v. Korman, 379 So.2d 1061 (La.1980); State v. Petta, 354 So.2d 563 (La.1978); State v. Cobbs, 350 So.2d 168 (La. 1977). A discrepancy between the location described in the warrant and the location searched will generally not invalidate the search warrant. State v. Korman, supra. However, if police officers knowingly search entirely different premises than that described in the warrant, the evidence seized will be suppressed because the warrant did not particularly describe the place to be searched. State v. Manzella, 392 So.2d 403 (La.1980).
In State v. Johnson, 534 So.2d 1322 (La. App. 4 Cir.1988)[1], a search warrant authorized the search of 70001 Bundy Road, Apartment E-15. The location actually searched was 7001 Bundy Road, Apartment E-15. We upheld the search, finding "there was very little, if any, possibility that the wrong premises would be searched. The typographical error of an additional `0' in the address did not invalidate the warrant." Johnson, at 1326. The police officer in Johnson obtained and executed the warrant after personally observing the premises, setting up surveillance, and verifying that the defendant resided there.
In State v. Alonzo, 95-1291 (La.App. 4 Cir. 9/15/95), 661 So.2d 1043, the affidavit in support of the search warrant contained information concerning receipt of an informant's tip on the A.T.F. hotline. The anonymous tip referred to the retail distribution of cocaine from 654 N. Tonti. The tip had been received on a Friday. According to the affidavit, on the following Monday, the police supervised a controlled buy of narcotics from 654 N. Tonti Street. Based upon these facts, Officer Jackson requested a search warrant for 654 N. Tonti Street. The application contained additional information describing the premises to be searched as a second floor apartment, which had a piece of plywood covering the first window and the words "Steve Lil Roni" written on an electrical box beneath the window. The issued warrant did not contain this additional description, but instead was limited to the municipal address of 654 N. Tonti Street. However, when the police officers executed the warrant, they searched 660 N. Tonti Street. At the subsequent motion to suppress hearing, the lead police officer testified that no address was actually visible on the apartment; he had obtained it by walking around front of the multi-apartment building and counting doorways. Prior to ruling on the motion, the trial judge viewed photographs taken on the night of the search and actually went to the scene. Based on his personal observations and other evidence, which included the fact that one doorway on the back of the building had the municipal address of 654 N. Tonti visible, but was not the apartment searched, the trial court granted the motion to suppress. We affirmed the trial court's ruling.
The Supreme Court granted writs and reversed. State v. Alonzo, 95-2483 (La.5/31/96), 675 So.2d 266. The Court first noted that the application for the warrant included the detailed description of the plywood covering the window and the words on the electrical box beneath it and thus described the targeted premises with sufficient particularity. The Court further noted that the officers in fact searched the apartment that they had intended to search. Additionally, according to the Court, "[a]ny police officer could have resolved the discrepancy created by the use of the incorrect municipal number and ascertained the targeted premises with reasonable certainty." Alonzo, 675 So.2d at 267. Finally, the Court noted that the affiant police officer participated in the *695 search, minimizing even more the likelihood that the wrong apartment would be searched.
Here, as in Alonzo, the application for the warrant, while listing the incorrect address, also described the premises to be searched. The application described a green wood frame building, and the targeted residence was the upstairs right side apartment. While the actual warrant does not include the "green wood frame" description, it indicates the residence to be searched is the upstairs, right side apartment. Like Alonzo and Johnson, here the officer who prepared the warrant and conducted the surveillance of the apartment was also one of the officers who executed the warrant. In addition, prior to executing the warrant the officers observed another transaction from the apartment. Finally, the officer testified that he was not even sure if the address 2614½ Louisiana Avenue exists. Given these factors, especially the presence of the affiant at the execution of the warrant and the suspected drug transaction occurring at that location just prior to the execution of the warrant, there is little likelihood that the typographical error in the address listed on the affidavit and the warrant itself led to the search of the wrong apartment. The testimony at the hearing establishes the officers actually searched the targeted apartment. Thus the typographical error did not invalidate the warrant.
Accordingly, the application of the State is granted and the judgment of the trial court granting defendant's motion to suppress the evidence is reversed. The case is remanded to the trial court for further proceedings.
WRIT GRANTED; JUDGMENT REVERSED.
NOTES
[1] Writ denied. State v. Willis, 540 So.2d 326 (La.1989).