|,WALTZER, Judge.

STATEMENT OF THE CASE

On 11 March 1997, the defendant, Eugene Evans, was charged by bill of information with possession of marijuana. At his ar *696 raignment on 9 April 1997 the defendant pled not guilty. On 15 April 1998 the motion hearing was held, along with the trial of the case by the trial judge. Following the hearing, the court granted the defense’s motion to suppress the evidence. The prosecution invokes our supervisory power to decide whether marijuana seized pursuant to a warrant, expressly authorizing the search for weapons, was properly suppressed.

FACTS

At the motion hearing/trial Officer Harry O’Neal, a twenty-three year veteran of the New Orleans Police Department, testified that he arrested the defendant on 8 January 1997. The investigation leading up to the defendant’s arrest began on 2 January 1998 when Officer O’Neal responded to a call made-from 3223 Audubon Court. A resident at that address complained of gunfire the night before. After speaking to the complainant, Officer O’Neal retrieved several spent casings. When asked whether a certain person fired the weapons, the complainant pointed to the house wherein the defendant lived and identified the car in front of the house as being owned by the person firing the shots. Based on this report, Officer O’Neal subsequently prepared a search warrant for 3303 Audubon Court. Magistrate Judge Hansen signed the warrant authorizing the search. Officer O’Neal testified that he was looking for weapons to compare to the casings to see if he could make progress on the investigation.
|2When the officers arrived to execute the search warrant, the defendant was asleep in bed with a lady believed to be his wife. He was presented with a copy of the search warrant, the residence was secured, and a search of the premises was conducted. Nothing was found in the other rooms. However while searching the bedroom, Officer O’Neal found a coat in the bedroom. The coat pocket was big enough to secure a weapon. While searching the coat pocket for weapons, Officer O’Neal located four plastic bags of vegetated material which he suspected of being marijuana.[1] Other than the fact that things could be put into a pocket, there was nothing to indicate the officers might find either of the two weapons being sought in the coat pocket.
When both occupants were advised they would be charged with drug violations, the defendant made a statement that the marijuana belonged to him. At that point the defendant was advised that he was under arrest for possession of marijuana and was given his Miranda warnings.
At trial, John Frederick Palm Jr., a criminologist for the Police Department, was accepted as an expert in testing for controlled dangerous substances. He identified the three small plastic bags as envelopes received and tested by him. He testified that the specimens were found to be positive for marijuana, and the net weight of the plastic bags and the marijuana was 5.9 grams.
Following the testimony, the defense argued the search extended beyond the four corners of the search warrant and was illegal because there was no detectable bulge or indication that the pocket held a weapon. The defense argued the bulge made by bags containing a very small amount of marijuana | 3was different from the bulge of a weapon, and there was no reason to search the coat pockets. The State argued the officer had a valid search warrant to search for weapons. In searching for weapons he went into places where weapons can be held. The State argued a .45 was small enough to fit into a pocket; thus, the officers had a legal right to confiscate the controlled dangerous substance found while searching.
The trial judge initially stated that he felt the two prong test of Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) had been met, and that he would deny the motion to suppress. Later, however, the court stated that it was looking,at language in another case concerning a search warrant’s language being specific in describing items to be seized with sufficient particularity to prevent a general exploration or rummaging through a person’s belongings. The court then decided to grant the defendant’s motion to suppress.

*697
DISCUSSION

The sole issue presented by this appeal is whether the officers exceeded the scope of the arrest warrant when they searched the pocket of the coat found in defendant’s residence.
In the instant ease, none of the parties challenge the legality of the search warrant. Given the facts that the defendant’s neighbor reported that residents at defendant’s address had been firing weapons, the officer had a right to investigate. Further, the application for the arrest warrant indicates that after the officer took the complaint and collected the spent casings, he conducted a computer check of the residence and the vehicle parked in front of the house, which the neighbor identified as a vehicle belonging to the residents. The ^computer check revealed that the vehicle was registered to Eugene Evans and that “Eugene Williams” had been convicted of possession of phency-clidine and had a pending crack distribution charge.[2] Based on this information the affi-ant, Officer O’Neal, averred that “Williams is not allowed to possess a firearm, as he’s a convicted felon”. The purpose of the search warrant was for the seizing of “All firearms, more specifically a .45 caliber weapon and a .223 caliber weapon.”
La.C.Cr.P. art. 165 provides in relevant part:
While in the course of executing a search warrant, a peace officer may ... seize things whether or not described in the warrant that may constitute evidence tending to prove the commission of any offense, and perform all other acts pursuant to his duties.
In State v. Hunter, 563 So.2d 291 (La.App. 4 Cir.1990), writ granted, judgment vacated on other grounds, 567 So.2d 1112 (La.1990), this court rejected a defendant’s argument that a gun seized in connection with a search warrant for narcotics and a stolen television set was illegally seized. This Court stated:
Appellant Hunter’s first issue on appeal is the admissibility of the gun into evidence. He does not contend that the search warrant was invalid, but that it specified certain items for which it authorized a search and seizure: a stolen television set and narcotics. Under La.C.Cr.P. art. 162, a judge may issue a search warrant upon probable cause and the warrant shall particularly describe the things to be seized. However, La.C.Cr.P. art. 165 provides that during the course of execution of a search warrant, a police officer may seize other things not described in the | swarrant which may constitute evidence proving the commission of any offense. The standard is whether the items tend to prove the commission of any offense. State v. Feeback, 414 So.2d 1229 (La.1982); State v. Brouillette, 465 So.2d 124 (La.App. 4 Cir.1985). Thus the admission of the gun into evidence was not error.
State v. Hunter, 563 So.2d at 293.
Officer O’Neal testified that the pocket of the coat was large enough to hold a small weapon the size of one of the guns described in the arrest warrant. Indeed, this court takes notice of the numerous cases wherein small weapons have been found in the pockets of suspects pants and/or coats. See, State v. Appacrombie, 616 So.2d 285, 287 (La.App. 2 Cir. 3/13/93), unit denied, 623 So.2d 1302 (La.1993), wherein a co-defendant was carrying a loaded .32 caliber automatic handgun in his back pocket, and State v. Jenkins, 573 So.2d at 1216 wherein a gun was found in the pocket of a person in an apartment. Given that the warrant authorized a search of the residence and the coat was located in the residence, it does not appear the officers exceeded the scope of the warrant when they searched the pocket of the coat found in the residence.
The issue of whether the officer observed a bulge in the pocket appears to be irrelevant as this was not a pat down search for weapons under the detention statute. Depending upon the size of the coat pocket, a small weapon may very well have been concealed in the coat pocket. Sufficient probable cause to believe a weapon was being kept some *698 where in the residence already existed. Absent some testimony clearly establishing or suggesting that a weapon could not possibly have been concealed in the coat pocket, the scope of the arrest warrant was not exceeded.
| (¡Pursuant to La.C.Cr. P. art. 703 D. the burden of proving that evidence seized pursuant to a sfearch warrant should be suppressed is on the defendant. There is nothing in the record to suggest the relator met his burden of proof.
ACCORDINGLY, the application for writs of certiorari is granted. The ruling of the trial court on the motion to suppress the evidence is reversed, and the matter is remanded for further proceedings.

APPLICATION FOR WRITS OF CER-TIORARI GRANTED. RULING ON THE MOTION TO SUPPRESS REVERSED. remanded.

. Later testing confirmed the material found was marijuana.

. Since the defendant does not complain about any mistake in the application for the warrant, it is assumed that all parties felt the mistaken use of the name "Eugene Williams" instead of "Eugene Evans” had no significant legal consequences.