MARC E. JOHNSON, Judge.
| ^Defendant, Kevin Grant, appeals from his convictions for possession with intent to distribute marijuana and possession of cocaine. We affirm.
On December 11, 2008, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant with the above two offenses. Defendant initially pled not guilty, but later, after his motion to suppress the evidence was denied, withdrew his not guilty pleas and pled guilty as charged to both counts under State v. Crosby, 338 So.2d 584 (La.1976). Pursuant to a plea agreement, defendant was sentenced to five years imprisonment at hard labor on each count to run concurrently, which was suspended in favor of five years active probation.[1]
*151 In his sole assignment of error, defendant contends the trial court erred in denying his motion to suppress the evidence. We note that when defendant entered his Crosby plea, he failed to specify the pre-trial ruling that he wished to preserve [sfor appeal. A defendant’s failure to specify which pre-trial ruling he desires to reserve for appeal as part of a guilty plea entered pursuant to Crosby may limit the scope of appellate review, but does not preclude review altogether. State v. Joseph, 03-315, p. 1 (La.5/16/03), 847 So.2d 1196 (per curiam). Absent specification, an appellate court should presume that the Crosby reservation preserves review of those evidentiary rulings which “go to the heart of the prosecution’s case,” such as the denial of a motion to suppress, and not rulings that may affect the conduct of the trial but do not substantially relate to guilt. Id., 03-315 at 1-2, 847 So.2d at 1196. After reviewing the record, we find that the only pre-trial ruling that could be reviewed is the denial of defendant’s motion to suppress the evidence.
Defendant contends the evidence seized pursuant to the search warrant should have been suppressed because the search warrant contained the wrong municipal address and a wrong physical description of the residence to be searched. Specifically, defendant asserts the search warrant erroneously listed the place to be searched as 434 Ocean Ave. instead of the correct address of 474 Ocean Ave. He also claims the search warrant described the premises to be searched as a wooden structure with a tan door, but the residence searched was a stucco concrete structure with a white door. Because of these errors, defendant maintains the search warrant did not particularly describe the premises to be searched and facilitated the search of the wrong premises. He argues these errors are fatal despite the fact the correct premises were ultimately searched.
The State contends that any inaccuracies in the warrant’s description never created any real danger that the wrong location would be search because the officer who executed the warrant also applied for the warrant and was the same person, |4who through surveillance of the home, had personal knowledge of the location that was to be searched.
At the suppression hearing, Sergeant James Gregoire testified he received information from a confidential informant (Cl) that K.G., who lived on Ocean Ave., was selling marijuana and sometimes sold crack cocaine. Sgt. Gregoire arranged for a controlled buy with the Cl. He met with the Cl, searched him for illegal contraband and money, and then provided him with prerecorded money to conduct a buy. Sgt. Gregoire maintained constant surveillance while the Cl proceeded to the residence and met with K.G., who was later identified as defendant. The Cl knocked on the front door of the residence, where defendant greeted him before walking back into the residence while the Cl waited outside. After defendant returned, Sgt. Gregoire observed a hand-to-hand transaction take place between defendant and the CL Thereafter, the Cl walked to a prearranged location while under constant surveillance. The Cl gave Sgt. Gregoire ecstasy and marijuana he had obtained from defendant.
Sgt. Gregoire subsequently prepared an affidavit for a search warrant and obtained a search warrant for the residence. During his testimony, Sgt. Gregoire admitted that he made a typographical error when typing the affidavit. He explained that he accidentally typed 434 instead of 474 when typing the numerical address of the residence to be searched. He testified the same typographical error regarding the *152 numerical address also appeared in the search warrant.
Sgt. Gregoire further testified that the description of the residence in the affidavit corresponded to the residence he personally had under surveillance and was a correct description of the residence at 474 Ocean Ave. He described the residence as a tan wooden single story, single family dwelling with dark red trim and a tan front door. The application for the search warrant and the actual search | swarrant described the residence to be searched as “a single family dwelling, single story structure, constructed wood with a black roof,” and a tan colored wooded front door which faced east.
Sgt. Gregoire stated he was the lead investigator in charge of executing the search warrant and was present when the search warrant was executed. He testified the residence at 474 Ocean Ave. was searched, which was the house that he had kept under surveillance. He stated 434 Ocean Ave. was never searched.
Defendant also testified at the suppression hearing. He stated he has lived at 474 Ocean Ave. for his entire life, or 20 years. He introduced photographs of his house, which showed a stucco exterior and a white door. Although he admitted the photographs were taken some time after the search, defendant testified his house has looked like the photographs for 20 years and that the photographs accurately depicted the appearance of his residence on the day it was searched by the police. He further stated his house had never been made of wood and the door to his house had never been painted tan.
The trial court denied defendant’s motion to suppress the evidence. In the trial judge’s reasons for judgment, she expressed that the inaccuracies complained of did not invalidate the search of defendant’s residence. She noted that Sgt. Gre-goire supervised the execution of the warrant and had personal knowledge of the location to be searched because before the search he had conducted surveillance of the location and supervised a controlled buy from the defendant at the location. The trial judge found that based on the totality of circumstances, it was highly unlikely the executing officers would have searched the wrong address.
A defendant who seeks suppression of evidence seized pursuant to a warrant has the burden of proving the grounds of his motion. La.C.Cr.P. art. 703(D). A trial court has great discretion when ruling on a motion to suppress, and its ruling | ñwill not be disturbed absent an abuse of that discretion. State v. Nicholas, 06-903, p. 6 (La.App. 5 Cir. 4/24/07), 958 So.2d 682, 686.
A search warrant must particularly describe the place to be searched. U.S. Const. Amend. IV; La. Const, art. I, § 5; La.C.Cr.P. art. 162. The particularity requirement in the Warrant Clause of the Fourth Amendment assures that “[b]y limiting the authorization to search to the specific areas and things for which there is probable cause to search ... the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit.” State v. Sterling, 99-2598, p. 3 (La.4/25/00), 759 So.2d 60, 62 (per curiam), quoting Maryland v. Garrison, 480 U.S. 79, 84, 107 S.Ct. 1013, 1016, 94 L.Ed.2d 72 (1987). “The object of the particularity requirement is to prevent a search of the wrong premises; to insure an individual’s safety in his home from unwarranted police intrusion.” State v. Johnson, 408 So.2d 1280, 1285 (La.1982).
The description contained in the search warrant is adequate if it is sufficiently detailed so as to allow the officers *153 to locate the property with reasonable certainty and with reasonable probability that the officers will not search the wrong premises. State v. Korman, 379 So.2d 1061, 1063 (La.1980). A search is not invalidated by a minor error in a portion of the description of the premises to be searched. Id.
Generally, mistakes in the use of municipal numbers do not invalidate a search warrant which otherwise describes the premises with sufficient particularity such that the officer with the warrant can with reasonable effort ascertain and identify the place intended. State v. Alonzo, 95-2483, pp. 2-3 (La.5/31/96), 675 So.2d 266, 267 (per curiam) (quotation omitted). In State v. Sterling, supra, the Louisiana Supreme Court held that evidence seized from an apartment under the 17search warrant that listed a different street address did not have to be suppressed. The warrant in Sterling was issued for 3024 Wall Blvd., but the residence at 3022 Wall Blvd. was searched.
Additionally, a discrepancy between the location described in the warrant and the location searched will generally not invalidate the search warrant. If the premises are well known to the officers executing the warrant or had been under surveillance, a discrepancy in the written description is not fatal to the warrant’s validity. State v. Ockman, 466 So.2d 658, 659 (La.App. 5th Cir.1985). The presence of an officer who conducted surveillance during the execution of the search offers additional assurances that only the targeted premises will be searched. Alonzo, 95-2483 at 3-4, 675 So.2d at 267.
In State v. Diggs, 98-964, pp. 5-6 (La.App. 4 Cir. 6/24/98), 715 So.2d 692, 695, writ denied, 98-2647 (La.12/11/98), 730 So.2d 462, an officer received a tip regarding drug sales from 2615½ Louisiana Ave. The officer set up surveillance of the building and saw various transactions between pedestrians and a man who would appear on the balcony on the right-hand side of the building. The officer obtained a warrant listing that address, and officers watched a similar transaction just prior to executing the warrant. However, as they executed the warrant, they learned the building was a four-plex, and the apartment from which the deals were being made was really 2214 ¾ Louisiana Ave. The trial court suppressed the evidence due to the discrepancy of the address, but on review the Fourth Circuit reversed. The court of appeal noted that the application described the building to be searched, and the application and warrant included a reference to the upper right side apartment. In addition, the officer who conducted the surveillance and prepared the warrant was also one of the officers who executed the warrant. The court noted there was little likelihood that the typographical error in the address | ¡¡listed on the affidavit and the warrant led to the search of the wrong apartment and, thus, held the error did not invalidate the warrant.
In State v. Bailey, 446 So.2d 352 (La.App. 4th Cir.1984), the court was convinced that there was no possibility of the wrong apartment being searched under the facts and circumstances of the case. The search warrant application described the location to be searched, but erroneously stated that the apartment was “D” when it was in fact “C.” Nevertheless, the executing officers were also the officers who conducted surveillance and supplied the affidavit to support the warrant. The court found, “[cjertainly they knew the apartment to be searched, and the fact that they thought there was a ‘D’ on the door instead of a ‘C’ does not negate the knowledge they acquired during the surveillance.” Id. at 354-55.
*154 In the present case, there was a typographical error regarding the municipal address. Additionally, portions of the physical description of the house were erroneously described. Although the search warrant incorrectly described the house as a wooden house with a tan door, instead of a concrete stucco house with a white door, it correctly described the house as a single family dwelling, single story structure with a black roof. It also correctly indicated the municipal address for the residence was displayed above the front door. Furthermore, during the suppression hearing, Sgt. Gregoire stated that the house had dark red trim, which is supported by photographs of the searched residence introduced into evidence by defendant.
We find that under the circumstances of this case, there was no reasonable probability that the wrong residence would be searched. Within 48 hours, Sgt. Gregoire conducted surveillance on the residence, observed a transaction at the residence involving defendant, prepared the affidavit for the search warrant, and then participated in the search of the residence, while defendant was present. Sgt. |aGregoire had personal knowledge of the location to be searched and searched the targeted premise. Accordingly, we find the errors in the search warrant did not render it invalid.
In our review of the record for errors patent in accordance with La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Hicks, 08-402, p. 13 (La.App. 5 Cir. 12/16/08), 3 So.3d 539, 547, we note that defendant received an incomplete advisal of the prescriptive period for filing for post-conviction relief. According to the sentencing transcript, defendant was told he had two years from that day to seek post-conviction relief. Additionally, the waiver of rights form contained in the record incorrectly advises defendant that he had “two (2) years from today’s date to seek post-conviction relief.”
Under La.C.Cr.P. art. 930.8, defendant has two years from the time his conviction and sentence become final to file for post-conviction relief. By way of this opinion, we advise defendant that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C.Cr.P. arts. 914 or 922. We further instruct the trial court to revise its standard waiver of rights/guilty plea form to correctly state that the defendant has two years from the time his conviction and sentence become final to file for post-conviction relief, so it does not continue to incorrectly advise future defendants of the applicable prescriptive period. We find no other errors patent that require corrective action.
For the foregoing reasons, we affirm defendant’s convictions and sentences for possession with intent to distribute marijuana and possession of cocaine.

AFFIRMED.

. Although the conditions of probation form reflects defendant's sentences were deferred and fails to show defendant was placed on five years of active probation, the sentencing transcript, the waiver of rights form, and the commitment all show defendant’s sentences were suspended in favor of five years of active probation.