FREDERICKA HOMBERG WICKER, Judge.
LCody Smoot appeals his conviction on July 14, 2011, for possession with the intent to distribute cocaine in violation of La. R.S. 40:967(A). Pursuant to a warrant, officers searched Mr. Smoot’s home and discovered crack cocaine. Mr. Smoot argues that the warrant upon which this search was based is invalid because it was vague and overbroad, failing to describe the places to be searched or the items to be searched for with particularity. Mr. Smoot argues that because this warrant was invalid, the trial court erred by not suppressing the evidence found through this search.

FACTS AND PROCEDURAL HISTORY

Officers investigating a homicide obtained a warrant to search 1516 Lloyd Price Avenue in Kenner, Louisiana. That search warrant permitted officers to search for: “any and all firearms and ammunition of any type[;] any and all biological evidence including, but not limited to blood, tissue, and/or bloody clothing[;] any and all of evidence of any other criminal activity.” On April 12, 2011, officers executed this warrant. Officers entered and searched Mr. Smoot’s | -¡home and then his bedroom. During the search of his bedroom, Detective Rhonda Goff saw a camouflage jacket hanging on the back of the door. Detective Goff searched that jacket by reaching into one of its pockets. Inside, she discovered four rocks of crack cocaine. Officers took Mr. Smoot into custody, where he later admitted that the crack cocaine was his and that he had intended to sell it.
At a pre-trial suppression hearing, Detective Goff testified that when she reached into the jacket’s pocket that she was searching for, “guns, bullets, shell casings, [and] biological.” She further testified that bullets can be stored in a jacket.

DISCUSSION

On appeal, Mr. Smoot argues that the search warrant used to justify this search was invalid because the phrase which allowed the officers to search for “any and all of evidence of any other criminal activity” did not particularly describe the places to be searched or the items being searched for. The law is clear that a warrant must particularly describe what officers may search for and the places where the officers may search. U.S. Const. Amend. IV; La. Const, art. I, § 5; La.C.Cr.P. art. 162(C). In her brief, counsel for Mr. Smoot argues that this phrase places no restraints on the search. We agree. The phrase allowing officers to search for “any and all of evidence of any other criminal activity” fails to particularly describe what officers were to search for and is therefore invalid.
This error is, however, without consequence. When a warrant, such as this one, is defective in part, this Court determines whether the warrant is valid *994 when read without the defective part. See State v. Grant, 10-83 (La.App. 5 Cir. 10/26/10), 52 So.3d 149, 152. Read without its defective phrase, this warrant still validly allows the officers to search for ammunition. This search was within the scope of the warrant because officers could reasonably expect to find ammunition |4within the jacket’s pocket. Further, Detective Goff had the right to seize the crack cocaine that she pulled from the pocket because she immediately perceived its incriminating nature. See State v. Evans, 98-992 (La.App. 4 Cir. 6/24/98); 715 So.2d 695, 697-98. Therefore, this search and seizure was valid because it was within the scope of the warrant as read without its defective phrase.
Additionally, pursuant to La.C.Cr.P. art. 920, this Court has conducted a review of this matter for errors patent. This Court finds that there are no errors patent which require corrective action.

CONCLUSION

Therefore, this Court finds the appellant’s assignment to be without merit and rules that the judgment of the trial court is affirmed.

AFFIRMED